ITALO J. FALCONE, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. MIDDLESEX COUNTY MEDICAL SOCIETY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Argued March 8, 1966—Decided May 2, 1966.

Mr. *Edward G. D'Alessandro* argued the cause for plaintiff-appellant and cross-respondent (*Messrs. Friedman & D'Alessandro,* attorneys; *Mr. Louis M. Minotti,* on the brief).

*Mr. John E. Toolan* argued the cause for defendant-respondent and cross-appellant (*Messrs. Toolan, Haney & Romond,* attorneys).

PER CURIAM. The Appellate Division (87 *N. J. Super.* 486 (1965)) affirmed a judgment of the Law Division (82 *N. J. Super.* 133 (1964)) which granted the defendant's motion for summary judgment but only partially. We granted cross petitions for certification. 45 *N. J.* 591 (1965).

On September 22, 1958 Dr. Falcone instituted a proceeding in the Law Division to compel his admission to the Middlesex County Medical Society. After trial, he obtained a judgment dated July 21, 1960 granting the relief he sought. 62 *N. J. Super.* 184. On appeal, we affirmed. 34 *N. J.* 582. Our opinion was filed on May 8, 1961 and, apparently acting in due course after its summer recess, the Middlesex County Medical Society admitted Dr. Falcone to full membership in September 1961. At no point during the course of the litigation had Dr. Falcone asserted any claim for money damages against the Society. If he had wished to assert any such claim it could readily have been set forth in his complaint. See *Garrou v. Teaneck Tryon Co.,* 11 *N. J.* 294, 304–305 (1953); *Steiner v. Stein,* 2 *N. J.* 367, 373–374 (1949). And under the "single controversy" doctrine which our cases have repeatedly applied, it should have been so set forth. See *Ajamian v. Schlanger,* 14 *N. J.* 483, *certiorari* denied 348 *U. S.* 835, 75 *S. Ct.* 58, 99 *L. Ed.* 659 (1954); *Applestein v. United Board & Carton Corp.,* 35 *N. J.* 343, 356 (1961); *Thatcher v. Jerry O'Mahony, Inc.,* 39 *N. J. Super.* 330, 335 (*App. Div.* 1956). See also *Silverstein v. Abco Vending Service,* 37 *N. J. Super.* 439 (*App. Div.* 1955):

"Since *Ajamian v. Schlanger,* 14 N. J. 483 (1954), there remains no basis to misapprehend that the courts of this state are determined to enforce the prime aim of the new practice for '* * * the just and expeditious determination *in a single action* of the ultimate merits of an entire controversy between litigants' (*Id.,* 14 N. J.. at page 485); *Massari v. Einsiedler,* 6 N. J. 303, 307–309 (1951); *cf. New Jersey*

If Dr. Falcone had asserted a claim for money damages along with his claim for admission, the Society might well have chosen a different course or our decision might well have been made prospective. See *State v. Smith*, 32 *N. J.* 501, 558 (1960) (concurring opinion), *certiorari* denied 364 *U. S.* 936, 81 *S. Ct.* 383, 5 *L. Ed. 2d* 367 (1961); *Ekalo v. Constructive Service Corp. of America*, 46 *N. J.* 82, 95 (1965); *cf.* Levy, "Realist Jurisprudence and Prospective Overruling," 109 *U. Pa. L. Rev.* 1 (1960); Currier, "Time and Change in Judge-Made Law: Prospective Overruling," 51 *Va. L. Rev.* 201 (1965). In any event, elemental considerations of fairness to the other party and the urgent need for eliminating the delay and wastage incident to the fragmentation of litigation dictated that all of the aspects of the plaintiff's controversy with the defendant be included within his legal proceeding. See 2 *Schnitzer and Wildstein, New Jersey Rules Service* A–IV–933 *et seq.* (1957).

The Appellate Division properly recognized the mandatory nature of the single controversy doctrine in contrast to the permissive terms of *R. R.* 4:31–1 which deals with the joinder of independent or alternate claims. 87 *N. J. Super.*, at *pp.* 490–491. But it took the position that, while the plaintiff was barred by the single controversy doctrine from asserting a claim for damages for any period prior to the Law Division's judgment in 1960, he was not barred with respect to the period between the Law Division's decision in 1960 and his admission to membership in 1961. We find no basis for this fragmentation of the litigation. The controversy between Dr. Falcone and the Society was clearly single in nature and did not end with the Law Division's judgment in 1960. That judgment was but an interim step in the proceeding, for the defendant had the undoubted right to take a timely appeal

and to prosecute it to conclusion. When our decision on the appeal was handed down in 1961, the controversy came to a close and Dr. Falcone was duly admitted to membership. Under any fair interpretation of the single controversy doctrine, Dr. Falcone, having sought only admission to membership and having received that relief in full, could not thereafter be heard to assert for the first time that he was also entitled to incidental or related damages for some period prior to his admission.

The judgment of the Appellate Division is reversed insofar as it permitted the assertion of a claim for damages for the time between the Law Division's judgment in 1960 and the plaintiff's admission to membership in 1961; in other respects it is affirmed.

*For affirmance in part and reversal in part*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.