Jack B. TANCREL and Lillian Tancrel, Plaintiffs,

v.

MAYOR AND COUNCIL OF the TOWNSHIP OF BLOOMFIELD and Frank R. Domenick, Director of Community Development of the Township of Bloomfield, Defendants.

No. 82–4276L.

United States District Court, D. New Jersey.

April 25, 1984.

Richard Rosa, of Donohue, Donohue, Costenbader & Strasser, Nutley, N.J., for plaintiffs.

John A. Bukowski, Jr., Bloomfield, N.J., for defendants.

## OPINION

LACEY, District Judge.

Plaintiffs in this action are owners of residentially zoned property in Bloomfield, N.J. They have owned a large motor home since 1977. On August 13, 1979, the Mayor and Council of Bloomfield passed an ordinance reading as follows:

Recreational vehicles must be parked in rear yards only and at a distance of 15 feet from any adjoining residence. A setback of 3 feet must be maintained from rear and side property lines. (Zoning Ordinance § 5.1.9)

Plaintiffs' motor home is too large to be driven to the rear of their property. Defendants have enforced the ordinance against plaintiffs.[1] Plaintiffs applied for a zoning variance, but were turned down.

Plaintiffs brought a complaint in lieu of a prerogative writ in state Superior Court. The trial court overturned the denial of a variance, finding a pre-existing nonconforming use. "The Tancrels' appeal to the Law Division added a constitutional attack on the ordinance to the two previous grounds asserted before the Zoning Board. The Law Division found no constitutional impairment to the validity of the ordi-

nance." *Tancrel v. Mayor*, No. A–2537–80T2, slip op. at 2 (App.Div. Jan. 12, 1982). The Appellate Division reversed the decision of the Law Division and reinstated the town's denial of the variance. It also found that the Tancrels' constitutional claims were insubstantial:

The Tancrels challenged the constitutionality of the ordinance before the Law Division but failed to produce any evidence whatsoever in support of their contention, either as to the facial unconstitutionality or the unconstitutionality of the ordinance as it applied to them. The regulation of the parking of such vehicles has been constitutionally upheld by this court. *Livingston Tp. v. Marchev*, 85 N.J.Super. 428 [205 A.2d 65] (1964), *certif. den.* 44 N.J. 412 [209 A.2d 145] (1965). We conclude that the constitutional argument is without merit.[2]

*Id.*, slip op. at 3–4. The state Supreme Court denied certification.

Plaintiffs then brought this action under 42 U.S.C. § 1983 in federal court. They claim that the ordinance is unconstitutional on its face and that defendants have discriminatorily enforced the ordinance, in violation of the due process and equal protection clauses of the fourteenth amendment. Defendants move to dismiss. For the purposes of this motion, they concede plaintiff's statement of the facts (as they must), but argue that the claims are precluded by *res judicata* doctrines.

## I. ISSUE PRECLUSION

In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Court held that state *res judicata* doctrine may bar § 1983 claims already pressed in state court in a later federal action. The holding rested on the full faith and credit statute, 28 U.S.C. § 1738, and found that 42 U.S.C. § 1983 did not impliedly repeal that statute. 449 U.S. at 99, 101 S.Ct. at 417. That was so even though § 1983 was enacted

---

**1.** Plaintiffs claim that the enforcement was discriminatory in that defendants had notice of similar violations, but did not proceed against the violators.

**2.** The *Livingston* case cited rested on state constitutional grounds. Presumably the Appellate Division holding in this case did as well. The trial court's decision is not before me.

partly out of a concern that state courts would not protect federal rights. *Id.* Accord, *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 476, 102 S.Ct. 1883, 1894, 72 L.Ed.2d 262 (1982). Thus the effect of the earlier state court judgment depends on the issue preclusion effect that the judgment would have in state court. *Kremer,* 456 U.S. at 482, 102 S.Ct. at 1897–98; *Allen,* 449 U.S. at 96, 101 S.Ct. at 415.[3]

I have no doubt from the Appellate Division decision that the factual issues before the state court, which were found to have "no merit," are the same ones before me today. Moreover, the state court rendered a final judgment and the disposition of the constitutional claim was necessary to that judgment. Relitigation is precluded. *See State v. Redinger,* 64 N.J. 41, 312 A.2d 129 (1973); *Donegal Steel Foundry Co. v. Accurate Prods. Co.,* 516 F.2d 583 (3d Cir. 1975). (applying New Jersey law); *Feniello v. Univ. of Penn. Hosp.,* 558 F.Supp. 1365 (D.N.J.1983). Thus I would find, for example, the issue of discriminatory enforcement to be foreclosed.

There is a slight ambiguity as to whether the claims pressed and decided in state court were *federal* constitutional claims. If so, they are unquestionably barred. *See, e.g., Donegal, supra,* 516 F.2d at 588; *City of Plainfield v. Pub. Serv. Elec. & Gas Co.,* 82 N.J. 245, 257–59, 412 A.2d 759 (1980). Since the facial challenge is a purely legal issue, and the discriminatory enforcement claim a mixed question of law and fact, I consider also the claim preclusion aspect of the state *res judicata* doctrines. My resolution of that issue subsumes the issue preclusion aspect, and renders moot any doubts as to the claims actually presented in state court.

## II. CLAIM PRECLUSION

In the recent case of *Migra v. Warren City School Dist. Bd. of Ed.,* —— U.S. ——, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the court extended the *Allen* holding to encompass claim preclusion. A federal civil rights claim that could have been, but was not, presented in a previous state court action, can be precluded in a federal court action in accordance with state claim preclusion doctrine. The Third Circuit case of *Davis v. United States Steel Supply,* 688 F.2d 166 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983) had largely settled the issue in any event. In that case, plaintiff had filed a municipal antidiscrimination complaint and appealed an administrative determination to state court. Losing there, plaintiff asserted a 42 U.S.C. § 1981 claim in federal court on the same facts. Applying Pennsylvania claim preclusion principles, the federal court barred the claim. Plaintiff could have, but did not, press the constitutional claim in state court.

The case of *New Jersey Education Ass'n v. Burke,* 579 F.2d 764 (3d Cir.), *cert. denied,* 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 252 (1978), does not change the result. That case held that, "at least where a federal suit is commenced before a final decision by a state court, ... a state court judgment forecloses a § 1983 litigant from raising grievances in federal court only if such claims have been pressed before, and decided by, a state tribunal." *Id.* at 774. That holding, requiring actual litigation of the claim in state court, rested on *England v. Louisiana Bd. of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (federal litigant relegated to state court by *Pullman* abstention may reserve federal claims for federal court adjudication).

The holding of *Burke* does not apply here. Having initially chosen a state forum, plaintiffs here instituted the federal action after losing their state appeal. There is no ·question of an *England* reserve, or the quasi-*England* reserve of *Burke.* More fundamentally, *Burke* is confined severely by the later cases of *Allen, supra, Kremer, supra,* and *Migra, supra. Burke* did not rest on state *res*

---

**3.** *But see McDonald v. City of West Branch,* —— U.S. ___, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (arbitration award not *res judicata* in subse-quent federal § 1983 action, because not a "judicial proceeding" under full faith and credit statute).

*judicata* principles, which are now determinative under the three later Supreme Court holdings. In fact, in the later Third Circuit case of *Davis* the author of *Burke,* citing *Kremer,* applied the res judicata law of Pennsylvania. The approach of *Burke* had been repudiated, at least as to a federal action commenced after the conclusion of a state action.[4]

The question, then, is whether plaintiff could have raised his federal claims in the state action, and whether state claim preclusion doctrines would now bar him from raising those claims in state court. If so, the holdings of *Migra* and *Davis* demand that the federal court follow suit.

■ The Superior Court of New Jersey is a court of "original general jurisdiction in all causes." N.J. Const.1947, art. 6, § 3, ¶ 2. Thus the federal constitutional claims (assuming for the moment that they were not raised) could have been raised there. The states have concurrent jurisdiction over claims under the Civil Rights Acts. *E.g., Allen v. McCurry, supra,* 449 U.S. at 99 n. 15, 101 S.Ct. at 417 n. 15 (§ 1983); *Bennun v. Bd. of Govs.,* 413 F.Supp. 1274, 1279 (D.N.J.1976) (§§ 1983 & 1985). New Jersey Superior Court entertains a single form of action, called a "civil action," N.J. Civ.Prac.R. 4:2–1. An action in lieu of prerogative writs (so called because it replaced the old writs of mandamus, quo warranto, etc.) is simply brought like any other action under the rules of the Superior Court, *see* N.J. Const.1947, art. VI, § V, ¶ 4, although certain special time periods apply, *see* N.J. Civ.Prac.R. 4:69. Thus plaintiff could have asserted his claim in his action in lieu of prerogative writs. *Accord, Ward v. Village of Ridgewood,* 531 F.Supp. 470, 474 (D.N.J.1982) (§ 1983 claim foreclosed). *See Falcone v. Middlesex Co. Med. Soc.,* 47 N.J. 92, 219 A.2d 505 (1966) (plaintiff, having gotten relief by way of action in lieu of prerogative writs, foreclosed from pursu-

ing damages claim). The New Jersey procedure is doubtless often a truncated one, since a petitioner seeking only a writ usually asserts a simple factual issue. Nevertheless, plaintiff had a "full and fair opportunity" to pursue any and all claims in addition to the one he did assert.[5] *Allen, supra,* 449 U.S. at 95, 101 S.Ct. at 415.

■ It is clear that New Jersey would bar any further claims arising out of the same factual transactions that were litigated between the parties in the first action. *See Ward, supra; Bennun, supra* (subsequent constitutional claims). *See also Falcone, supra* (subsequent state law damages claim). That is in keeping with the well-entrenched "entire controversy doctrine," now codified in the mandatory joinder rule, N.J.Civ.Prac.R. 4:27–1(b). That doctrine applies both to subsequent actions asserting different legal theories and those requesting alternative relief. *Falcone, supra; Applestein v. United Board & Carton,* 35 N.J. 343, 356, 173 A.2d 225 (1961); *Ajamian v. Schlanger,* 14 N.J. 483, 103 A.2d 9, *cert. denied,* 348 U.S. 835, 75 S.Ct. 58, 99 L.Ed. 659 (1954). Plaintiff in a civil action "must seek complete relief for vindication of the wrong he charges." *Applestein,* 35 N.J. at 356, 173 A.2d 225.

■ Plaintiffs state that they "could not have been expected" to raise their claims in a state suit. They also state that they did not raise the discriminatory enforcement claim. Putting aside the fact that plaintiffs did in fact raise some constitutional claims, I find that they certainly had the right and opportunity to do so under state law. Plaintiffs argue further that the present claim, unlike the state action, involves a claim for damages. A difference in the relief sought is inconsequential. *Falcone, supra* (damages claim foreclosed by adverse judgment in earlier action in lieu of prerogative writs); *Ward, supra*

**4.** *See also Towers, Perrin v. Brown,* 732 F.2d 345 No. 82–1526 (3d Cir. April 20, 1984) (following *Migra* in non-§ 1983 context and applying California *res judicata* law).

**5.** *See Garrou v. Teaneck Tryon Co.,* 11 N.J. 294, 304–05, 94 A.2d 332 (1953) (mandamus may be joined with claim for injunctive relief); *Steiner v. Stein,* 2 N.J. 367, 373–74, 66 A.2d 719 (1949) (legal & equitable claims). Here again, I assume for the sake of argument that plaintiff did not present his federal constitutional claim to the state court.

(same, subsequent § 1983 action). Finally, plaintiffs rely on *Abel v. Bd. of Works*, 63 N.J.Super. 500, 164 A.2d 764 (App.Div. 1960) (denying preclusion in zoning case). In that case, plaintiffs attempted to bar the town board of public works from enacting a zoning ordinance. They argued that the ordinance would be inconsistent with an earlier judicial decision overturning the grant of a variance to a third party. The court noted that there was no identity of parties, as in the present case;[6] that the legal issues involved were different; and that the adoption of a zoning ordinance and a judicial decision regarding the grant of a variance were not comparable proceedings for *res judicata* purposes. The court specifically distinguished a case in which the same parties mounted two successive attacks against the municipality for arbitrary and capricious adoption of the same zoning provision. 63 N.J.Super. at 514, 164 A.2d 764 (citing *Phillips v. Tp. Council*, 125 N.J.L. 77, 13 A.2d 301 (E. & A.1940)). *Cf. McDonald, supra* n. 3.

In this case, the parties are identical. The issues are probably identical: even giving plaintiffs the benefit of the doubt, these issues could have and should have been raised in the earlier action. The facts underlying the action are identical. (It is possible that plaintiffs have received additional summonses, but I do not regard that as a significant factual issue.) The strong New Jersey claim preclusion or "entire controversy" doctrine bars litigation of this § 1983 claim. *Accord, Ward, supra; Bennun, supra.*

In accordance with the foregoing, defendant's motion to dismiss is granted.

---

**6.** The *Abel* court discussed only the New Jersey doctrine of *res judicata* in the narrow sense, *i.e.*, collateral estoppel of issues between the same parties. Later case law emphasized more clearly that only the party against whom preclusion is asserted need be the same in both actions. *See, e.g., United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co.*, 74 N.J. 92, 101, 376 A.2d 1183 (1977). To the extent that *Abel* rested on the lack of complete identity of parties, it is both distinguishable and overruled by later cases. *See also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (relaxing mutuality requirement).