Elsa DOERINKEL, Appellant

v.

HILLSBOROUGH TWP. &
Hillsborough Twp. Board
of Adjustment.

No. 87–5389.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to
Third Circuit Rule 12(6)
Dec. 10, 1987.

Decided Dec. 29, 1987.

Before GREENBERG and SCIRICA, Circuit Judges, and POLLAK*, District Judge.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Plaintiff, Elsa Doerinkel, a citizen and resident of West Germany, brought this action in the district court against defendants, Hillsborough Township and the Hillsborough Township Board of Adjustment, following the denial of her application for a variance to build a single family dwelling on land she owns in Hillsborough Township.[1] In the district court she advanced the contentions that she was entitled to damages because her property had been

---

* The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Jurisdiction in the district court was based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(2).

taken without compensation and the procedure at the variance hearing before the Board of Adjustment and the terms of the zoning ordinance itself denied her equal protection and due process of law. The defendants obtained a dismissal of the action by a motion for summary judgment.

The material facts are as follows. Plaintiff and her now deceased husband purchased the property which is slightly over two acres known as Block 171, Lot 97, as shown on the Hillsborough tax map in 1974. At that time the lot was conforming for single family dwellings under the zoning ordinance as the minimum lot size in the area was one acre.[2] In 1980 the minimum lot size in the area was, however, increased to five acres but a house could nevertheless be built on plaintiff's lot without a variance pursuant to a grandfather clause in the zoning ordinance. Subsequently the grandfather clause was repealed and thus plaintiff's lot became non-conforming.

On or about December 27, 1983 plaintiff filed an application for a variance to construct a single family dwelling on the property pursuant to N.J.Stat.Ann. § 40:55D-70(c) (West 1987).[3] A hearing on her application was held on February 6, 1984, at which there was testimony in support of and in opposition to the application. Louise Van Patton, chair person of the Hillsborough Township Environmental Commission, who lived near the property appeared in her private capacity and opposed the variance for geological reasons. At the conclusion of the hearing plaintiff requested a postponement so she could obtain her own expert testimony to meet Van Patton's testimony but her application was refused and the variance was denied.

On April 9, 1984, plaintiff filed a complaint in lieu of a prerogative writ in the Superior Court of New Jersey against the Hillsborough Township Board of Adjustment alleging that the Board's denial of her variance application was arbitrary, capricious and unreasonable and was contrary to the evidence and the New Jersey Municipal Land Use Law, N.J.Stat.Ann. § 40:55D-1 *et seq.* (West 1987). She asserted that she had established a hardship and had met her burden of proof to justify the variance under N.J.Stat.Ann. § 40:55D-70 (West 1987). She also alleged that the zoning ordinance was unlawful and was "contrary to statute." Plaintiff asked that the resolution of the Board denying her the variance be declared null and void and that the Hillsborough Township zoning officer be directed to grant her a permit to construct a single family dwelling.

The Superior Court action was heard by a judge on the record without testimony and, on December 21, 1984, he entered an order dismissing the case. No opinion or findings accompanied the order and thus we do not know the basis for his ruling. Plaintiff did not appeal from the order of December 21, 1984.

Thereafter plaintiff brought this action in the district court against Hillsborough Township and the Hillsborough Township Board of Adjustment. In her first count she alleged that the action of the Board in denying her a variance amounted to a *de facto* taking of her property entitling her to compensation. In the second count she asserted that the Board had denied her due process and equal protection of the law by refusing to grant her a postponement to meet Van Patton's testimony at the variance hearing thus entitling her to damages. In the third count she asserted that the Board was liable for damages by reason of making a decision on the basis of certain alleged discriminatory and disparaging remarks made by Van Patton at the hearing. The fourth count of the complaint was directed at both the Board of Adjustment and the Township. In that count, plaintiff asserted that as a result of all of the proceedings the zoning ordinance as applied

---

2. Defendants stipulate to that lot size solely for this appeal.

3. Plaintiff pursued the variance application and the subsequent state court proceedings through an agent but as a matter of convenience we will refer to all proceedings as if directly brought by her.

was invalid thus infringing her due process and equal protection rights under the Fifth and Fourteenth Amendments and the New Jersey Constitution. Once again damages were sought.

After filing an answer defendants moved for summary judgment. The district judge granted their motion in a written opinion dated May 19, 1987. He indicated that defendants had moved on the grounds of *res judicata* and collateral estoppel and, in addition, on the ground that "the claim of a taking is not ripe." The judge said that under 28 U.S.C. § 1738 he was required to give the Superior Court judgment the same *res judicata* effect that it would be given in that court. He further indicated that if an issue of law or fact necessary for a judgment is decided in an initial case that decision may preclude relitigation of the issue by a party to the first case in a subsequent civil rights action under 42 U.S.C. § 1983 even though collateral estoppel cannot be asserted against a party who did not have a full and fair opportunity to litigate the issue in the earlier case. The judge said that under N.J.R.Civ.P. 4:27–1(b) the state has codified the entire controversy doctrine by requiring that each party assert all claims that he may have against any other party insofar as required by the doctrine. He then noted that in *Tancrel v. Mayor & Council of the Twp. of Bloomfield*, 583 F.Supp. 1548 (D.N.J.1984), the court held that a state judgment would be given preclusive effect in a subsequent federal action to bar claims that should have been asserted in a prior New Jersey state action under state mandatory joinder rules.

Applying these principles, the judge held that the causes of action asserted in the first three counts of the district court complaint which were directed solely against the Board of Adjustment were barred as they could have been raised in the state court proceedings and the state courts would no longer entertain them. The fourth count, however, required a different analysis as the Township as well as the Board was named in that count and the

Township had not been a party to the Superior Court action. Nevertheless, the judge reached the same result as he pointed out that in the Superior Court action plaintiff alleged that the ordinance was unlawful. While the district judge acknowledged that in the absence of the Township as a party the ordinance could not have been invalidated, under N.J.R.Civ.P. 4:28–1 plaintiff should have made the Township a defendant so complete relief could have been granted. In view of these circumstances the judge held, citing *Blonder–Tongue Laboratories Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–29, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971), that the Township could defensively use collateral estoppel to bar the action concluding that: "[b]ecause the plaintiff has litigated or could have litigated the issues now raised at the state court proceedings, plaintiff should not be permitted to litigate her claims against the defendant [township] in this Court." Accordingly, the judge found that the entire action was barred by the single controversy doctrine and by principles of *res judicata* and collateral estoppel and, on May 18, 1987, he entered the summary judgment from which plaintiff appeals. In view of this disposition the judge did not consider the defendants' claim that the action was not ripe.

■ We agree with the district judge's disposition of the action insofar as he granted summary judgment to the Board of Adjustment and thus we will affirm the order for summary judgment on the first three counts of the complaint and on the fourth count insofar as the complaint was addressed to the Board.[4] We have no doubt that plaintiff was obliged under the New Jersey single controversy doctrine to assert in the Superior Court action all of her claims for relief against the Board arising from the denial of her variance and her inability to build on the property. *See Tancrel v. Mayor & Council*, 583 F.Supp. at 1551. Thus, plaintiff's case against the

---

4. Our standard of review is plenary as we are concerned with interpretation and application of legal precepts. *United States v. Adams*, 759

F.2d 1099, 1106 (3d Cir.1985), *cert. denied*, 474 U.S. 906, 971, 106 S.Ct. 275, 336, 88 L.Ed.2d 236, 321 (1985).

Board was properly dismissed by the district judge.

We are troubled by the district judge's decision dismissing the action against the Township on his theory that the Township should have been a party to the Superior Court action. The difficulty with his approach is that we cannot ascertain from the record whether the Superior Court judge even considered the validity of the zoning ordinance. The briefs of neither party take issue with the district judge's statement that in New Jersey the municipality is a necessary party to an action to invalidate a zoning ordinance. *See Cobble Close Farm v. Board of Adjustment,* 10 N.J. 442, 455, 92 A.2d 4, 10–11 (1952). Thus, it is entirely possible that even if the Superior Court judge thought plaintiff was seeking to invalidate the zoning ordinance, the judge dismissed that aspect of her action for the very reason that the Township was not a party to the case. If so, he would not have considered the validity of the ordinance on the merits and in that event plaintiff could not have litigated the question of the validity of the ordinance in the underlying action.

Further, aside from the jurisdictional limitations on his power, it is questionable from the pleadings in the Superior Court action whether the Superior Court judge considered the validity of the zoning ordinance. While the complaint did allege that the ordinance was unlawful and contrary to statute, plaintiff did not ask the court to declare the ordinance invalid. Rather, though asking for such general relief as the court "may deem just and equitable," she asked specifically only for an order nullifying the resolution denying the variance and for a building permit to be issued for a single family dwelling. Thus, by reason of the pleadings we cannot be certain that the Superior Court judge considered the validity of the zoning ordinance. Finally on this issue we point out that the Superior Court in reviewing the denial of the variance was not obliged to consider the validity of the ordinance. Quite to the contrary, a variance application will ordinarily be made on the assumption that the ordinance is valid.

Overall, therefore, the Superior Court judgment was applied by the district judge to permit the Township, which was not a party to the Superior Court action, to bar plaintiff from litigating an issue, that is the claim that the zoning ordinance was invalid and deprived her of her property rights, that was not properly before the Superior Court and may, in fact, not have been considered by the Superior Court judge. This case, therefore, differs from *Tancrel v. Mayor & Council* as here, unlike in *Tancrel,* the parties are not identical in the two actions, *see* 583 F.Supp. at 1552, and it differs from *Blonder–Tongue* because we cannot be certain that the issue raised now, the validity of the zoning ordinance, was considered by the Superior Court. *See* 402 U.S. at 350, 91 S.Ct. at 1453. In these circumstances we are satisfied that the district court's decision barring the action against the Township because of issue preclusion was unjustified. We think that enforcement of principles of issue preclusion against a litigant is not justified when the full and fair opportunity (*see Blonder–Tongue,* 402 U.S. at 328, 91 S.Ct. at 1442) to that litigant to have had the issue determined in the earlier action was dependent on an entity which, in fact, was not a party having been joined in the earlier action.

The Township urges, citing *Williamson Co. Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 194–200, 105 S.Ct. 3108, 3121–24, 87 L.Ed.2d 126 (1985), that even if we disagree with the reasoning of the district judge we nevertheless should affirm the dismissal of the action on the theory that it is not ripe as plaintiff may bring an inverse condemnation action against the Township in the state courts. We have concluded, however, that the validity of that defense should first be considered by the district judge.

In view of the aforesaid, the judgment of May 18, 1987 will be affirmed insofar as it dismissed the action as to the Board of Adjustment and will be reversed insofar as it dismissed the action against the Township. The matter will be remanded to the

district court for further proceedings consistent with this opinion.