ISHVER PATEL AND SHILA PATEL, HIS WIFE, AND VISHAL CORP., A NEW JERSEY CORPORATION, PLAINTIFFS-RE-SPONDENTS, v. FREDERICK ERHARDT AND JOYCE W. ER-HARDT, HIS WIFE, ET ALS., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 10, 1981—Decided March 4, 1981.

Before Judges FRITZ, POLOW and JOELSON.

*Jeffrey G. Albertson* argued the cause for appellants.

*Edward Suski, Jr.,* argued the cause for respondents (*Cahill, Wilinski & Cahill* attorneys; *Dennis G. Kille* on the brief).

*Edward Sullivan* appeared on behalf of Bank & Trust Co. of N.J. but did not argue nor file a brief (*Toll, Pinsky & Sullivan* attorneys).

PER CURIAM.

Although neither appellate brief provides "[a] concise statement of the facts . . . in the form of a narrative chronological summary," *R.* 2:6–4(a)(4), with the consequence that justice could not be done "without the court's independent examination of the record," *R.* 2:6–9, we will not further delay resolution of the controversy by resort to suppression or imposition of other sanctions. *See State v. Hild,* 148 *N.J.Super.* 294 (App.Div.1977). Our independent analysis of the record on appeal reveals that the ultimate issue concerns the priority of liens as between the purchasers named in a recorded contract for sale of real estate and subsequent judgment creditors of the vendors.

 We agree with the trial judge that under the circumstances here presented the statute relied on by defendant judgment creditors, *N.J.S.A.* 46:21–3, does not render the recorded purchase contract void as against subsequent lien holders. Although that statute requires that an action be commenced for specific performance, rescission or breach of contract within three months after the date fixed in the contract for its consummation, no such suit was necessary here. The purchasers had taken title and recorded their deed immediately. Thus, notice of full consummation of the agreement appeared of record long before the earliest date fixed therein for closing.

Appellants would have us interpret the statute as requiring a suit for specific performance, rescission or breach of contract in *every* case involving a recorded contract for real estate, even where title has closed as agreed therein and the deed has been promptly recorded. Such an interpretation would have absurd consequences. The contract would have been performed in accordance with its terms, the parties would have been entirely satisfied with one another's performance and yet, after taking

title and recording his deed, the purchaser would nevertheless be required to sue for specific performance to obtain that which he already had. The Legislature could not have intended such a bizarre procedure. The deed, after all, is the ultimate goal of a suit for specific performance.

■ Although the statutory language is not revealing with regard to the legislative purpose to be served thereby, we agree with the analysis of Vice-Chancellor Church who concluded, in 1926, that this provision serves to establish fixed time requirements, with greater precision than had previously been done, based upon limitations readily ascertainable by reference to the record. *Heller v. Sweeney,* 100 *N.J.Eq.* 150, 154 (Ch.1926), aff'd 102 *N.J.Eq.* 60 (E. & A.1927). To that end, the statute limits effectiveness of the priority established by virtue of a recorded contract which has not been consummated to three months after the date set therein for closing unless the purchaser has instituted legal proceedings to vindicate his rights under its terms. Without the advantage of this statutory provision, a recorded contract might otherwise create a permanently encumbered title. With the advent of this enactment, titles become uncluttered as to purchase contracts as a matter of law upon expiration of the statutory time limit, absent consummation of record unless the mandated legal proceedings have been commenced.

■ We agree with plaintiffs' appraisal that where the agreement has not been consummated, the vendee must either sue for specific performance, rescind the agreement or sue for violations of the covenants of the agreement. However, when title has been conveyed to the vendee and the deed recorded, the agreement, no longer executory, merges in the deed and no further action is required, *Levy v. C. Young Constr. Co., Inc.,* 46 *N.J.Super.* 293 (App.Div.1957) aff'd 26 *N.J.* 330 (1958), to protect the priority of the vendee's lien over subsequent judgment creditors.

All consideration by way of cash advances to the vendors and payments of outstanding debts pursuant to the contract had been satisfied by the vendees prior to the entry of the judgment creditors liens. Counsel advised us at oral argument that the

only payments made by the purchasers after the entry of the judgment liens were installments on the mortgage assumed by the purchasers under terms of the purchase contract. The mortgage had priority over the judgment liens in all respects so that all payments in accordance with its terms have the same priority. Since no other subsequent cash payments were made to or on behalf of the vendor-judgment debtors, we need not and do not deal with the priority problems such subsequent cash advances might present had they been made. *See, e. g.,* 29 *N.J. Practice* (Cunningham and Tischler, Law of Mortgages), § 111, "Priority of Advance Money Mortgages."

Appellants further argue that recordation of the contract was ineffective as constructive notice because the signature of one or two sellers was not acknowledged. Although we seriously doubt the substantive merit of that argument, we need not be concerned about it since it was not raised below. "[A]ppellate courts should decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available . . . ." *Spiegle v. Seaman,* 160 *N.J.Super.* 471, 480 (App.Div.1978). *See Ferraro v. Demetrakis,* 167 *N.J.Super.* 429, 431–432 (App.Div.1979) certif. den. 81 *N.J.* 290 (1979).

Affirmed.