In re C.W. MURCHISON, Jr., Debtor.

**Bankruptcy No. 385–30266–A–11.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Feb. 14, 1989.

See also, Bkrtcy., 85 B.R. 37.

---

Robert G. Johnson, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for Midlantic Nat. Bank, Movant.

Camille R. McLeod, Johnson & Swanson, Dallas, Tex., for D.M. Lynn, Plan Trustee, respondent.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, District Judge.

On 22 November 1988 the Court conducted a hearing on the Plan Trustee's Objection to the Administrative Claim of Midlantic National Bank ("Midlantic"). At the conclusion of the hearing, the Court requested the parties to prepare letter briefs addressing certain legal issues. Following a review of the letter briefs, the pleadings on file and relevant documents, we conclude that Midlantic's Administrative Claim should be denied and Midlantic will not be permitted to amend its proof of claim in this proceeding. This memorandum shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052.

## GENERAL FACTUAL BACKGROUND

Midlantic requests the Court to exercise its equitable powers to grant Midlantic an Administrative Priority claim in the above styled case. The claim arises from a breach of a covenant against encumbrances in a General Warranty Deed ("Deed") given by MRW, Inc. ("MRW") (an affiliated company of Mr. C.W. Murchison, Jr.) to Midlantic in lieu of foreclosure. Midlantic contends that Mr. C.W. Murchison, Jr. ("Murchison") is individually liable for misrepresenting that the properties conveyed by the deed in lieu were free of encumbrances. The Plan Trustee points out that under the deed, only MRW made representations and warranties and that Murchison never made any representation concerning encumbrances.

The parties also interject an Agreement for Deed In Lieu of Foreclosure ("Agreement") between Midlantic, Murchison and MRW. Under the Agreement, MRW agreed to convey certain properties to Midlantic by deed in lieu of foreclosure. By accepting the deed in lieu, Midlantic agreed to the cancellation and extinguishment of MRW's liability on certain notes. Murchison was liable as a guarantor of the notes given by MRW. The Agreement further provided that notwithstanding the cancellation and extinguishment of MRW's indebtedness, Murchison's liability as the guarantor would "be limited to one-half the deficiency reasonably calculated to result" following delivery of the deed in lieu. The aim of the deed in lieu and reduction of guaranty liability was to reduce both the costs and time involved with a foreclosure by Midlantic. Moreover, section 3 of the Agreement contained additional representations by MRW and Murchison. Midlantic and Murchison memorialized this agreement through an Order Allowing Proof of Claim approved as to form and content by all of the parties. The Order Allowing Proof of Claim set the amount of Midlantic's claim on Murchison's liability as a guarantor of the MRW note at $462,110.00.

## DISCUSSION

■ Resolution of Midlantic's claim depends on interpretation of the deed. The

Agreement will not be examined because the doctrine of merger.[1] This is so because after delivery and acceptance, the deed is regarded as the final expression of the agreement of the parties and the sole repository of the terms on which they have agreed. Any subsequent cause of action between the parties must be based on the deed itself. *See Levy v. C. Young Constr. Co., Inc.*, 46 N.J.Super. 293, 134 A.2d 717, 719 (App.Div.1957), *aff'd* 26 N.J. 330, 139 A.2d 738 (1958); *Patel v. Erhardt*, 177 N.J.Super. 556, 427 A.2d 121, 123 (App.Div. 1981).

In the present case, MRW, not Murchison, executed and delivered the deed in lieu of foreclosure to Midlantic. The deed recites that "the ... Grantor [MRW] covenant ... [that] the above-described land ... at the time of the sealing and delivery of these presents, are not encumbered by any mortgage, judgment or limitation or by any encumbrance whatsoever ... ." The grantor and "lawful and right owner" of the property conveyed was MRW. MRW as grantor covenanted to Midlantic that no encumbrances burdened the property in question. Murchison did not participate in the conveyance as a grantor. Murchison's only participation was that of a third party guarantor.[2]

The record before the Court does not indicate whether Midlantic conducted a review of the titles prior to acceptance of the deed. Notwithstanding, the record indicates that after Midlantic acquired the property, certain encumbrances were discovered when Midlantic later sold the properties. During title closing on the properties, Midlantic spent $90,115.88 to extinguish the encumbrances and deliver clear title to the purchasers. Based on this record, Midlantic would have a cause of action for breach of the covenant against encumbrances given by MRW. Likewise, Midlantic would not have a cause of action against Murchison for the breach of the covenant because Murchison did not participate in the conveyance. Moreover, the record does not establish a symbiotic relationship between MRW and Murchison. The notion of separate legal entities is scrupulously honored by this Court. Each comprises a separate legal entity, MRW a corporation, Murchison an individual. Each were involved with separate reorganization efforts. The fact that MRW was an affiliated entity does not allow one to conclude that Murchison's pre-petition guaranty was tied to MRW's representations in the deed. Accordingly, Midlantic's claim does not lie in the Murchison case but in the MRW case.

Midlantic's requests alternative relief to amend its proof of claim. The basis for amendment appears to be paragraph F of the deed which allows Midlantic the option of reinstating and reviving the indebtedness upon breach of warranty. Again, paragraph F recites that acceptance of the deed is "expressly conditioned and subject to the representation and warranty of MRW, Inc. that title to the property is ... free and clear of all liens and encumbrances." Simply stated, the option activates in the event of a breach of MRW's warranty. A plain reading of paragraph F suggests, however, that the option to reinstate and revive applies only to MRW's indebtedness. In contrast, paragraph F provides neither reinstatement upon a Murchison breach nor reinstatement of one-half of the deficiency Murchison was released from if MRW breached a warranty. Indeed, as discussed above, Murchison made no warranties or representations in the deed. Accordingly, the option in paragraph F does not afford Midlantic the opportunity to reinstate the one-half deficiency released by Midlantic. Thus, we find no legal basis

---

1. All agreements entered into by and between the parties to a deed prior to its execution are presumed to have been merged in the deed, and the deed expresses all of the agreements between the parties. *See generally Commercial Bank, Uninc. v. Satterwhite*, 413 S.W.2d 905, 909 (Tex.1967); *Barker v. Coastal Builders, Inc.*, 153 Tex. 540, 271 S.W.2d 798 (1954).

2. Because Murchison did not have an interest in the property, at best Murchison could have delivered a quit claim deed of the subject property to Midlantic. However, even this would not aid Midlantic in proving a misrepresentation because a quit claim deed does not ordinarily contain warranties or representations.

to support Midlantic's request to amend its proof of claim for the full amount of the deficiency Murchison stood liable for as a guarantor.

IT IS TO BE SO ORDERED.