**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2908-15T3

SALI GUIRGUIS,

    Plaintiff-Respondent,

v.

RAMEZ MORRIS,

    Defendant-Appellant.

_____

Submitted September 13, 2017 — Decided September 28, 2017

Before Judges Manahan and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1719-12.

Ramez Morris, appellant pro se.

Lane & Lane, LLC, attorneys for respondent (Daniel J. Lane, on the brief).

PER CURIAM

This matter is before us on appeal by defendant Ramez Morris from a post-judgment Family Part order dated February 1, 2016, which denied his motion for reconsideration of a prior order and granted, in part, plaintiff Sali Guirguis' motion in aid of

litigant's rights.[1]  Having considered defendant's brief and appendix in terms of compliance with the rules of procedure set forth in Part II, "Rules Governing Appellate Practice in the Supreme Court and the Appellate Division of the Superior Court," we are constrained to dismiss the appeal with prejudice but without costs.

The parties were married in July 2006.  One child, a daughter, was born of the marriage.  The parties were divorced by dual judgment of divorce in December 2012.  The judgment incorporated a matrimonial settlement agreement.  Thereafter, the parties engaged in ongoing motion practice, which resulted in the entry of orders including the present order under appeal.

Defendant, who is self-represented, filed a notice of appeal from the February 1 order on March 17, 2016, along with an accompanying case information statement (CIS).  R. 2:5-1.  For many months thereafter, defendant failed to file a conforming brief and appendix per Rule 2:6-1 and Rule 2:6-2.  Although we ultimately accepted defendant's brief and appendix, that acceptance did not constitute our "imprimatur" of conformance.

---

[1] The order contains nineteen discrete paragraphs.  Eleven of the paragraphs either denied the relief sought by both parties without prejudice, including defendant's motion for reconsideration, or denied the relief sought as moot.  The order provided for payment schedules relating to defendant's previously ordered reimbursement of medical expenses to plaintiff and for plaintiff's counsel fees.

A-2908-15T3

Rather, our acceptance was to afford defendant an opportunity to prosecute his appeal subject to our plenary review both on the appeal's procedural compliance and on the appeal's merits.

We commence by noting that parties to appeals must fully comply with the appellate rules. In Still v. Ohio Casualty Insurance Company, 189 N.J. Super. 231 (App. Div. 1983), this court addressed rule compliance:

> The rules which deal with appellate briefs are few in number, easy to understand and simple to follow. Each rule was adopted for a specific reason. Together, they contribute to make the administration of justice smoother and more expeditious. Any violation of the rules makes it more difficult for the courts to operate, slows down the administration of justice and increases its costs. Violations cannot and will not be tolerated.
>
> [Id. at 236.]

In Abel v. Elizabeth Board of Works, 63 N.J. Super. 500 (App. Div. 1960), we held that our rules "are more than guides and admonitions. They were made to be complied with and should not be lightly disregarded." Id. at 509.

Failure to abide by the appellate rules implicates sanctions, including the sanction of dismissal. R. 2:9-9 states:

> Failure properly to prosecute or defend an appeal or proceedings for certification shall be ground for such action as the appellate court deems appropriate, including, but not limited to, dismissal of the appeal

> or petition, imposition of costs or attorney's fees or such other penalty as may be assessed personally against the attorney.

In terms of relaxation of the rule's requirements in a case of a self-represented litigant, as here, there is no assurance of lenity. As we held in <u>Venner v. Allstate</u>, 306 <u>N.J. Super.</u> 106 (App. Div. 1997), status as a pro se litigant does not relieve the obligation of compliance with the rules. <u>Id.</u> at 110.

To be sure, we recognize that dismissal of the appeal is the ultimate sanction and one which must be cautiously invoked. <u>See</u> <u>Crispin v. Volkswagenwerk A.G.</u>, 96 <u>N.J.</u> 336, 345 (1984); <u>Gnapinsky v. Goldyn</u>, 23 <u>N.J.</u> 243, 247-48 (1957). As such, we have considered alternative sanctions but conclude those alternatives lack contextual suitability.

In our view, the deficiencies in defendant's appeal would not be remediated by reprimand, censure, suppression of the brief and appendix, monetary sanctions or assessments of costs and attorney's fees. The deficiencies of the brief include but are not limited to: failure to provide a concise statement of facts with references to the appendix and the transcript; failure to include legal argument that contains point headings so as to afford a reviewing court to arrive at a proper determination based on legal authority; and failure to address only those issues relating to the appeal of the order. <u>R.</u> 2:6-2(a)(5); <u>R.</u> 2:6-2(a)(6).

A proper statement of facts is vital to the appellate process. Patel v. Erhardt, 177 N.J. Super. 556 (App. Div. 1981). In Patel, we noted that the required statement of facts is critical to our "independent examination of the record." Id. at 558. As well, we have frequently emphasized the need for point headings in the brief's legal argument, as proper presentation of applicable law is essential to appellate review. See Hayling v. Hayling, 197 N.J. Super. 484, 488-89 (App. Div. 1984). The failure to provide point headings in the presentation of legal argument has resulted in our declining to consider the issue raised. See Solar Energy Indus. v. Christie, 418 N.J. Super. 499, 508 (App. Div.), certif. denied, 207 N.J. 190 (2011).

Further, defendant's failure to provide a conforming brief is in derogation of his responsibility to refer us to specific parts of the record that support his argument. It is not our obligation to "scour the record" in search of such support. See Spinks v. Twp. of Clinton, 402 N.J. Super. 454, 463 (App. Div. 2008).

Nor is the defendant's failure to conform to our appellate rules to be indulged as "form over substance." The product of defendant's non-conformance is a legal argument that is rambling, disjointed, raises issues outside the notice of appeal, and lacks requisite reference to controlling decisions of law. This does

not just unduly burden us; it prevents us from exercising our appellate role.

Finally, we have considered the sanction of a dismissal without prejudice. However, when considering the numerous opportunities provided to defendant over many months to cure his non-conformance, as well as plaintiff's interest to have the appeal timely resolved, we exercise our discretion per Rule 2:9-9 and dismiss the appeal with prejudice.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION