**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0508-19

WILLIAM C. HOOD, III,

    Plaintiff-Respondent,

v.

TIMOTHY IROKA,

    Defendant-Appellant.

_____

Submitted September 22, 2021 – Decided October 1, 2021

Before Judges Fuentes and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-016317-18.

Timothy Iroka, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    In this one-sided appeal stemming from unpaid legal fees, defendant Timothy Iroka appeals from the November 4, 2019 Law Division order entering

judgment for plaintiff William C. Hood, III for $2510, plus $57 in court costs, and dismissing defendant's counterclaim.

By way of background, on May 31, 2016, Iroka retained Hood, a licensed attorney, to represent him during his divorce and related proceedings. The parties executed a retainer agreement detailing the fees. The following year, Iroka fired Hood, retained new counsel, and disputed outstanding legal fees due Hood before two different panels of the District Fee Arbitration Committee. On August 22, 2017, following a hearing, the first panel ruled in Iroka's favor, but that ruling was set aside due to a conflict of interest. On October 17, 2018, the second panel ruled in Hood's favor after a hearing. The Disciplinary Review Board (DRB) subsequently affirmed the October 17, 2018 award by dismissing Iroka's appeal. Thereafter, Hood filed an action in Superior Court to enforce the arbitration award, resulting in the November 4, 2019 order of judgment that is the subject of Iroka's current appeal.[1]

---

[1] "The only provision for appeals from awards made by fee arbitration committees is contained in R[ule] 1:20A-3(c)." Linker v. Co. Car Corp., 281 N.J. Super. 579, 586 (App. Div. 1995). "Under subsection (c) there is generally no appeal on the merits from the determination of a Fee Committee." Ibid. "An appeal may be taken by the client or the attorney to the DRB" on limited grounds. Ibid. The DRB "shall dismiss the appeal on notice to the parties if it determines that the notice of appeal fails to state a ground for appeal specified in paragraph (c) of [Rule 1:20A-3] or that the affidavit or certification fails to

A-0508-19

Having considered Iroka's brief and appendix in terms of compliance with the rules of procedure set forth in Part II, "Rules Governing Appellate Practice in the Supreme Court and the Appellate Division of the Superior Court," we are constrained to dismiss the appeal with prejudice but without costs.

Iroka, a self-represented litigant, filed an amended Notice of Appeal (NOA) from the November 4, 2019 order on November 7, 2019. He filed a case information statement (CIS) on February 20, 2020. R. 2:5-1. For many months, Iroka failed to file a conforming brief and appendix per Rule 2:6-1 and Rule 2:6-2. Although we ultimately accepted Iroka's brief and appendix, that acceptance did not constitute our "imprimatur" of conformance with the rules. Rather, our acceptance was to afford Iroka an opportunity to prosecute his appeal subject to our plenary review both on the appeal's procedural compliance and on the appeal's merits.

---

state a factual basis for such ground." R. 1:20A-3(d). "Review of the DRB's decision is by the Supreme Court only." Ibid. (citing R. 1:20-16(g)). While an action may be filed in the Law Division "to reduce the award to judgment," "[t]he Law Division judge ha[s] no power to review the panel's award in any respect under this administrative scheme." Id. at 588.

We commence by noting that parties to appeals must fully comply with the appellate rules.  In <u>Still v. Ohio Casualty Insurance Company</u>, 189 N.J. Super. 231 (App. Div. 1983), in addressing rule compliance, we stated:

> The rules which deal with appellate briefs are few in number, easy to understand and simple to follow.  Each rule was adopted for a specific reason.  Together, they contribute to make the administration of justice smoother and more expeditious.  Any violation of the rules makes it more difficult for the courts to operate, slows down the administration of justice and increases its costs.  Violations cannot and will not be tolerated.
>
> [<u>Id.</u> at 236.]

In <u>Abel v. Bd. of Works of City of Elizabeth</u>, 63 N.J. Super. 500 (App. Div. 1960), we held that our rules "are more than mere guides and admonitions. They were made to be complied with, and should not be lightly disregarded." <u>Id.</u> at 509.  Indeed, failure to abide by the appellate rules implicates sanctions, including the sanction of dismissal.  In that regard, <u>Rule</u> 2:9-9 states:

> Failure properly to prosecute or defend an appeal or proceedings for certification shall be ground for such action as the appellate court deems appropriate, including, but not limited to, dismissal of the appeal or petition, imposition of costs or attorney's fees or such other penalty as may be assessed personally against the attorney.

Pertinent to this appeal, there is no assurance of lenity in enforcing the rule's requirements in a case of a self-represented litigant, as here.  As we held

4

in <u>Venner v. Allstate</u>, 306 N.J. Super. 106 (App. Div. 1997), status as a pro se litigant does not relieve the obligation of compliance with the rules. <u>Id.</u> at 110. To be sure, we recognize that dismissal of the appeal is the ultimate sanction and one which must be cautiously invoked. <u>See</u> <u>Crispin v. Volkswagenwerk A.G.</u>, 96 N.J. 336, 345 (1984); <u>Gnapinsky v. Goldyn</u>, 23 N.J. 243, 247-48 (1957). Thus, we have considered alternative sanctions. However, we conclude those alternatives lack contextual suitability here.

Indeed, in our view, the deficiencies in Iroka's appeal would not be remediated by reprimand, censure, suppression of the brief and appendix, monetary sanctions or assessments of costs and attorney's fees. First, the appendix is haphazardly put together and contains no pleadings, no judgment or order appealed from, no NOA, and no "table of contents of the brief and appendix" as required under <u>Rule</u> 2:6-1. The deficiencies of the brief include but are not limited to failure to provide a concise statement of facts with references to the appendix and the transcript; failure to include legal argument that contains point headings so as to allow a reviewing court to arrive at a proper determination based on legal authority; and failure to address only those issues relating to the appeal of the order. <u>R.</u> 2:6-2(a)(5); <u>R.</u> 2:6-2(a)(6).

A-0508-19

A proper statement of facts is vital to the appellate process. In <u>Patel v. Erhardt</u>, 177 N.J. Super. 556 (App. Div. 1981), we noted that the required statement of facts is critical to our "independent examination of the record." <u>Id.</u> at 558. Additionally, we have frequently emphasized the need for point headings in the brief's legal argument, as proper presentation of applicable law is essential to appellate review. <u>See</u> <u>Hayling v. Hayling</u>, 197 N.J. Super. 484, 488-89 (App. Div. 1984). The failure to provide point headings in the presentation of legal argument has resulted in our declining to consider the issue raised. <u>See</u> <u>Solar Energy Indus. v. Christie</u>, 418 N.J. Super. 499, 508 (App. Div. 2011). Further, Iroka's failure to provide a conforming brief is in derogation of his responsibility to refer us to specific parts of the record that support his argument. It is not our obligation to "scour the record" in search of such support. <u>See</u> <u>Spinks v. Twp. of Clinton</u>, 402 N.J. Super. 454, 463 (App. Div. 2008).

Nor is the defendant's failure to conform to our appellate rules to be indulged as "form over substance." The product of defendant's non-conformance is a legal argument that is rambling, disjointed, raises issues outside the notice of appeal, and lacks requisite reference to controlling decisions of law. This does not just unduly burden us; it prevents us from exercising our appellate role.

A-0508-19

Finally, we have considered the sanction of a dismissal without prejudice. However, when considering the numerous opportunities provided to Iroka over many months to cure his non-conformance, we exercise our discretion per <u>Rule</u> 2:9-9 and dismiss the appeal with prejudice.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0508-19