150 N.J. Super. 504 (1977)
376 A.2d 189
MIRAPH ENTERPRISES, INC., T/A THE CABARET, 11 HAMILTON STREET, PATERSON, NEW JERSEY, APPELLANT,
v.
BOARD OF ALCOHOLIC BEVERAGE CONTROL FOR THE CITY OF PATERSON, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 31, 1977.
Decided June 13, 1977.
*506 Before Judges BISCHOFF, MORGAN and KING.
Messrs. Tanis & Sternick, attorneys for appellant (Mr. Michael A. Sternick on the brief).
Mr. Joseph A. LaCava, Corporation Counsel, attorney for respondent (Mr. Ralph L. DeLuccia, Jr., Assistant Corporation Counsel, of counsel and on the brief).
PER CURIAM.
In this appeal from a determination by the Division of Alcoholic Beverage Control and disciplinary action taken in connection therewith, we find ourselves constrained to comment initially on the deplorable inadequacy of appellant's brief, just one example of a problem which has been recurring with ever increasing frequency.
The controversy presented herein is largely factual, or at least we infer it is because the brief is devoid of the required "appropriate point headings, distinctively printed or typed * * *." R. 2:6-2(e). From the material in the argument section of the brief we surmise, however, that appellant challenges the Division's determination for evidential insufficiency. In this context, the perfunctory Statement of Facts is inexcusable. It is less than a page long, although the transcript of the hearing which it should have summarized consumes over 100 pages. One paragraph of the "Statement" simply recites the charges. The last paragraph notes that the Division adopted the hearer's report but does not even suggest the basis, factual or legal, for the ultimate conclusion. *507 That which purports to be a "Statement of Facts" consists of two sentences reading as follows:
In the hearing before the Board, the sole testimony concerning charges giving rise to the suspension was given by Detective Casper Morelli. It was stipulated that had Detective Dante DeStefano appeared on the stand, his testimony would have been redundant.
No attempt to summarize Morelli's testimony is made either in the "Statement of Facts" or during the course of the argument which follows. Moreover, even this abbreviated Statement of Facts is inaccurate. Lieutenant Thomas Mahull and Detective Samuel Torres also gave testimony on behalf of the city; testimony of the defense witnesses went without mention. In short, the "Statement of Facts" failed entirely to deliver what it promised: "a concise statement of the facts * * * in narrative form and ordinarily in chronological sequence, presenting, with supporting references to the appendix and the stenographic transcript, all the facts necessary to a determination of the points in controversy." R. 2:6-2(d). Indeed, it even failed to describe the essential nature of the determination appealed from. Hence, appellant's brief left us in the dark not only as to the testimony upon which the challenged determination was made, but the content of the determination itself. In this context the argument, unadorned by the required point heading, was virtually incomprehensible, and had respondent's brief not supplied the minimum information that it did contain, we would have been compelled to adjourn the matter and suppress appellant's brief. As it was, respondent found it necessary, as we did, to guess at the nature of the arguments made. We also mention, in passing, the more formal deficiencies in appellant's presentation, including the failure to set forth in the Table of Contents the point heading to be argued, R. 2:6-2(a), and a failure to include a "table of citation of cases, alphabetically arranged, of statutes and rules and of other authorities." R. 2:6-2(b).
*508 R. 2:6-2, prescribing the contents of an appellant's brief, is not without purpose. A conforming brief will give this court the full benefit of counsel's knowledge of the case. Material deficiencies, such as those encountered in appellant's brief, require this court to consume time in an effort to guess at the essential nature of the controversy from the testimony which gave rise to it, instead of devoting its necessarily limited time to determining how the issues properly raised should be resolved. Besides being an imposition on this court, such deficiencies are patently unfair to other litigants whose equally legitimate demands on the court's time are presented in a manner conforming in all respects to the requirements of the rules.
Lack of familiarity with appellate court procedures is no excuse. R. 2:6-2 is clear and unambiguous in its requirements. Attorneys who rarely appear in this court need only consult this rule to determine what is required. The brief herein shows a flagrant disregard of the minimum rule requirement. Accordingly, counsel for appellant is fined $100, to be paid personally and not billed to his client. We recognize that the modest fine imposed provides an inadequate response to the serious violation of rule requirements; its imposition and payment will, we earnestly hope, be viewed as evidence of the refusal of this court to tolerate similar infractions of the rule which, in the future, may not be disposed of with such financial leniency.
As to the merits of the controversy, appellant apparently contends that the determination lacks adequate support in the record. We disagree. A careful review of the testimony adduced at the hearing convinces us that substantial evidence supports the challenged determination. Hornauer v. Div. of Alcoholic Beverage Control, 40 N.J. Super. 501, 504 (App. Div. 1956). Appellant's contentions that the hearing denied it due process of law are similarly without merit.
Affirmed.