YVETTE HAYLING, PLAINTIFF-RESPONDENT, v. RAYMOND HAYLING, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 27, 1984—Decided December 20, 1984.

486

Before Judges MICHELS, PETRELLA and BAIME.

*Oliver Lofton* argued the cause for appellant (*Lofton & Lester,* attorneys; *Oliver Lofton,* of counsel and on the brief).

*Paula L. Crane* argued the cause for respondent (*Elwell & Crane,* attorneys; *Paula L. Crane,* of counsel and on the brief).

PER CURIAM.

■ The order of the Chancery Division dated March 8, 1983, that denied the application of defendant Raymond Hayling for "a rehearing, a revision and reduction of that portion of the Amended Judgment of Divorce that relates to equitable distribution, alimony and child support" and granted the motion of plaintiff Yvette Hayling to enforce her rights as a litigant is affirmed substantially for the reasons expressed by Judge Toy in his oral opinion of February 18, 1983. We are satisfied from our study of the record that defendant has failed to establish any grounds or reasons justifying the granting of relief from

the operation of the financial aspects of the judgment. *See R.* 4:50–1; *Baumann v. Marinaro,* 95 *N.J.* 380, 395 (1984); *Palko v. Palko,* 73 *N.J.* 395 (1977).

Beyond this, we granted defendant leave to appeal *nunc pro tunc* only as to the trial court's order denying his application for a rehearing, a revision and reduction of the equitable distribution, alimony and child support provisions of the Amended Judgment of Divorce and the enforcement of plaintiff's rights, which order was entered on March 8, 1983. Our order read:

> In clarification of this Court's order of December 23, 1983, Raymond Hayling is granted leave to file his notice of appeal *nunc pro tunc* from an order of Judge Toy entered March 8, 1983. To avoid misunderstanding, it is categorically stated by this Court that defendant-appellant is not being permitted to appeal from the amended judgment of divorce entered on December 15, 1982.

At the time defendant filed his notice for leave to appeal, our rules of appellate practice barred him from appealing from the Amended Final Judgment of Divorce because more than 45 days had elapsed. *See R.* 2:4–1(a). On appeal, however, defendant solely addresses issues related to the November 15, 1982 Amended Final Judgment of Divorce. He does not make any argument regarding the denial of his motion for rehearing, revision and reduction of the financial aspects of divorce. Because defendant's brief fails to address the matter pursuant to which we granted him leave to appeal, the issues discussed in his brief are not properly before this court.

It is axiomatic that on appeal an appellant's brief must address in form and substance the specific order or judgment pursuant to which the Appellate Division granted appellant leave to appeal. Failure to comply with this requirement should, at the very least, result in dismissal of the extraneous issue or issues. *Cf. Weisberg v. Koprowski,* 17 *N.J.* 362, 380 (1955): *State v. Lefante,* 14 *N.J.* 584, 591 (1954); *Wright v. Plaza-Ford,* 164 *N.J.Super.* 203, 207–208 n. 1 (App.Div.1978); *State v. Plainfield-Union Water Co.,* 75 *N.J.Super.* 571, 583 (App.Div.1962), aff'd 40 *N.J.* 280 (1963); *Zanca v. Conti,* 73

*N.J.Super.* 23, 39 (App.Div.1962) certif. den. 37 *N.J.* 522 (1962); *Cannon v. Krakowitch,* 54 *N.J.Super.* 93, 96 (App.Div.1959). Where a court narrowly defines the scope of the extraordinary relief of granting an appeal *nunc pro tunc,* an appellant is not allowed to circumvent the court's ruling by addressing issues or matters the rules of appellate practice would otherwise bar him from addressing. *See Wright v. Plaza Ford,* 164 *N.J.Super.* 203, 207–208 n. 1 (App.Div.1978). A party may not ignore a court order. *In re Contempt of Carton,* 48 *N.J.* 9, 16 (1966).

Here, defendant's brief clearly fails to conform with our order granting defendant the right to appeal out of time. Both points defendant raises in his brief relate to the judgment of divorce, not to the order denying his motion for rehearing as specified in our order. It should be noted that defendant's time for appeal from both the Amended Final Judgment of Divorce and the order denying his motion for rehearing had expired at the time he filed his notice of motion for leave to appeal. *See R.* 2:4–1(a). Consequently, defendant's attempt to expand this limited appeal to include the final judgment clearly violates our order.

■ We find additional grounds for affirmance in the nonconformance of appellant's brief to the requirements of *R.* 2:6–2. *See R.* 2:6–11. Pursuant to *R.* 2:6–2(a)(5), the brief must contain appellant's legal argument,

> which shall be divided, under appropriate point headings, distinctively printed or typed, into as many parts as there are points to be argued. New Jersey decisions shall be cited to the official New Jersey reports by volume number but if not officially reported that fact shall be stated and unofficial citation made. All other state court decisions shall be cited to the official reports, if any, and also to the National Reporter System if reported therein. In the citation of all cases the court and year shall be indicated in parenthesis except that the year alone shall be given in citing the official reports of the United States Supreme Court and the Supreme Court of New Jersey.

The purpose of this requirement is to afford the court an orderly and considered presentation of the matter on appeal so that the court "may have before it such parts of the record and such legal authorities as will be of help in arriving at a proper

determination." *Abel v. Elizabeth Board of Works*, 63 *N.J.Super.* 500, 509 (App.Div.1960). *See Miraph Ent., Inc. v. Bd. of Alco. Bev., Paterson*, 150 *N.J.Super.* 504 (App.Div.1977).

Defendant's failure to address any legal issues relevant to the permissible subject matter of his appeal plainly amounts to the equivalent of failing to file a brief at all. Defendant merely seeks to place the final judgment of divorce before the court, even though it is not properly on appeal. Such conduct alone warrants affirmance of the trial court's ruling. *See State v. Plainfield-Union Water Co.*, 75 *N.J.Super.* 571 (App.Div. 1962), aff'd 40 *N.J.* 280 (1963); *Zanca v. Conti*, 73 *N.J.Super.* 23 (App.Div.1962), certif. den. 37 *N.J.* 522 (1962).

Affirmed.