NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0034-16T1

AZIZ M. THABO,

    Plaintiff-Appellant,

v.

Z TRANSPORTATION,

    Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**November 17, 2017**

**APPELLATE DIVISION**

Submitted September 27, 2017 - Decided November 17, 2017

Before Judges Fuentes, Manahan and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3296-15.

Anthony J. Van Zwaren, attorney for appellant.

Sammarro & Zalarick, PA, attorneys for respondent (Stephen M. Sammarro, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

In this breach of contract case, the Law Division judge dismissed with prejudice plaintiff's complaint by imposing the ultimate discovery sanction provided in Rule 4:23-5.  We now reverse and remand this matter for further proceedings because

the party who filed this motion and the Law Division judge who imposed this sanction failed to follow the procedural safeguards codified in Rule 4:23-5.

The record shows defendant did not provide the motion judge with competent evidence showing it complied with the strict notice requirements of Rule 4:23-5. Even more egregious, defendant received the outstanding discovery which formed the basis of the sanction a month before the judge dismissed plaintiff's complaint with prejudice. This wholesale disregard for the due process protections embodied in Rule 4:23-5 can occur only when the trial court fails to perform its basic gatekeeping function.

We derive the following facts from the record developed by the parties at this stage of the litigation. We emphasize, however, that the veracity of the factual claims that form the basis of this cause of action are not at issue here. We do not express any opinion about the merits of this cause of action.

I

On July 10, 2015, plaintiff Aziz M. Thabo contacted Igor Nikolovski, a representative of defendant Z Transportation, in response to an advertisement defendant had placed in a publication called "Truck Paper," offering for sale a 2006 Freightliner C1124ST — Century 112 truck for $19,600. According

to plaintiff, he made clear to Nikolovski that he was only looking to buy a Department of Transportation (DOT) compliant truck. Defendant allegedly assured plaintiff that the 2006 Freightliner C1124ST — Century 112 truck met this requirement. In fact, defendant described the truck in its advertisement as being "DOT Ready," which plaintiff understood to mean the truck would pass inspection and comply with the regulations of the Department of Transportation and the Federal Motor Carrier Safety Administration.[1]

Plaintiff claims that when he took the truck for a test drive, he immediately noticed it was not DOT compliant. Nikolovski acknowledged the deficiency and agreed to make the truck DOT ready, provided that plaintiff would commit to purchasing the truck. Plaintiff agreed and gave defendant a $1000 deposit as an indication of his good faith commitment to buy the truck. Defendant alleges it paid for the replacement and repair of certain parts to ensure the truck was DOT compliant. Defendant further alleges it told plaintiff that the necessary repairs had been done and the truck was ready for pick up on August 15, 2015. Plaintiff sent defendant a check in the

---

[1] See 49 C.F.R. 396.1 to -396.25.

amount of $18,600, representing the balance of the purchase price.

Before plaintiff took possession of the truck, defendant informed him that the truck displayed an error code message on the dashboard related to the air conditioning. Defendant nevertheless assured plaintiff that the truck was DOT certified and provided plaintiff with a document denoted "Vehicle History Record." The document contains a checklist of all the items inspected and certified as "OK." There is a blank space on the right corner of the document with the words "Inspector's Name (Print or Type)," which was left blank. Immediately below this blank box is another space that states: "This inspector meets the Qualification Requirements in Section 396.19." A box with the word "YES" was marked with an "X."

Based on the error code message in the truck's dashboard, plaintiff refused to take possession of the vehicle and asked defendant to refund him the $19,600. Plaintiff claims he contacted defendant several times thereafter demanding the refund of his money, to no avail. Defendant claims it contacted plaintiff several times to determine when he planned to pick up the truck, but did not get an answer. Defendant also claims it has incurred storage charges due to plaintiff's failure to take possession of the truck.

4

On September 23, 2015, plaintiff filed a pro se complaint against defendant in the Law Division. At this time, plaintiff resided in the Township of Darby, Pennsylvania.[2] On November 23, 2015, defendant filed its answer alleging several affirmative defenses and a counterclaim to recover storage charges allegedly incurred in safekeeping the truck after it was sold to plaintiff. Defendant claims the truck was DOT compliant and seeks to recover the storage charges it had incurred as a result of plaintiff's alleged breach of the sales contract.

The initial discovery end date (DED) in this matter was April 21, 2016. Plaintiff served defendant with a notice to produce documents by certified mail on December 4, 2015, and December 23, 2015. Defendant served plaintiff with interrogatories and a notice to produce documents on January 4, 2016. Plaintiff filed a motion to compel defendant to respond to the notice to produce on February 3, 2016. During this time, plaintiff still resided in the Township of Darby, Pennsylvania.

On February 10, 2016, defendant's attorney filed a motion to dismiss plaintiff's complaint for failure to provide answers to the interrogatories and for failure to provide responses to

---

[2] To protect his privacy, we have not described plaintiff's specific address.

the notice to produce. The motion documents did not specify whether the dismissal defendant sought as a sanction against plaintiff was with or without prejudice. In the certification submitted in support of the motion, defendant's attorney also failed to include a statement indicating that defendant, as the moving party, was not in default of any discovery obligations owed to plaintiff, as required by Rule 4:23-5(a)(1).

Although defendant's attorney included a statement that he had "orally conferred, or has made a good faith effort to orally confer with the opposing party to no avail," he did not "specifically describe[]" the type of "good faith" efforts he made, as required by Rule 1:6-2(c). Finally, defendant's counsel's certification of mailing did not include a statement under oath that plaintiff was served with a copy of the motion. The only reference to plaintiff being served with this motion is found in defense counsel's transmittal letter addressed to the vicinage's "Civil Division Motion's Clerk." In this letter, counsel merely states: "By copy of this letter, I am forwarding a copy of this Notice of Motion to my adversaries." We infer from the incongruous reference to "adversaries" in the plural, despite plaintiff being the only adversary in the case, that this was a form letter.

As this record makes clear, by the time defendant filed this motion, the Law Division had two conflicting discovery motions pending. On February 19, 2016, the Law Division judge granted plaintiff's motion to compel defendant to respond to the notice to produce documents. The judge found that "[d]espite [p]laintiff's good faith effort to resolve the outstanding discovery, responses have not been received by [p]laintiff to date." The judge ordered defendant to respond to the notice to produce within fifteen days of the order. Pursuant to the method of calculation codified in Rule 1:3-1,[3] defendant's documents were due on March 7, 2016. The order indicates that plaintiff's motion was unopposed. At the time the judge entered this order, there were seventy-one days left until the April 21, 2016 DED.

---

[3] Under Rule 1:3-1:

> In computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday. In computing a period of time of less than 7 days, Saturday, Sunday and legal holidays shall be excluded.

On March 18, 2016, the same judge granted defendant's motion to dismiss plaintiff's complaint for failure to provide answers to interrogatories. As was the case when plaintiff moved for discovery relief, the court's order indicates that defendant's motion was unopposed. In the brief filed in this appeal, defendant's attorney asserts that he personally telephoned plaintiff after the court dismissed the complaint without prejudice in an effort to secure plaintiff's voluntary compliance. However, factual assertions made by an appellate counsel that are not supported by a specific citation to the record developed before the trial court and supported by a specific citation to the appendix violate the rules of appellate practice and will not be considered.[4]

The record before us contains a "Substitution of Counsel" signed by plaintiff and his attorney on March 9, 2016. Inexplicably, this notice was not filed with the Law Division until April 25, 2016, four days after the expiration of the April 21, 2016 DED. On June 2, 2016, defendant moved to dismiss

---

[4] See Rule 2:6-4(a) describing the contents of a respondent's brief and its correlation to Rule 2:6-2(a)(5). See also Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474 (App. Div. 2008), certif. denied, 197 N.J. 476 (2009) (explaining that it is the responsibility of the parties to refer this court to specific parts of the record to support their argument.) "Lack of familiarity with appellate court procedures is no excuse." Miraph Enters., Inc. v. Bd. of Alco. Bev., Paterson, 150 N.J. Super. 504, 508 (App. Div. 1977).

plaintiff's complaint with prejudice pursuant to Rule 4:23-5(a)(2) for failure to provide discovery.

Presumably unaware of plaintiff's counsel's appearance in the case, defendant's counsel's certification of mailing reflects that the notice of motion and supporting documentation were sent directly to plaintiff at his address in Darby, Pennsylvania. Defendant's attorney submitted a certification in support of the motion that included the following factual representations:

> 2. The time for the plaintiff to answer interrogatories and provide responses to the notice to produce propounded have expired and the plaintiff has not provided any of the information requested. . .
>
> 3. Accordingly, on February 10, 2016, the defendant filed a Motion to dismiss the complaint of the plaintiff, Aziz M. Thabo for failure to answer interrogatories and answer Notice to Produce returnable on March 18, 2016. Said motion was granted on March 18, 2016[.]
>
> 4. Pursuant to [Rule] 4:23-5(a)(2), the defendant now moves for dismissal of plaintiff, Aziz Thabo's complaint with prejudice as the sixty (60) day grace period to provide the overdue discovery has passed and plaintiff has still failed to supply the overdue discovery.

In a letter dated June 6, 2016, plaintiff's attorney sent defendant's attorney: (1) a copy of the substitution of counsel filed with the court; (2) plaintiff's answers to defendant's

interrogatories and notice to produce; and (3) plaintiff's interrogatories and a new notice to produce. In an order entered on July 8, 2016 marked "unopposed," the motion judge dismissed plaintiff's complaint with prejudice ostensibly pursuant to Rule 4:23-5(a)(2) "for failure to provide answers to interrogatories and responses to a notice to produce[.]"

In a letter dated July 18, 2016, defendant's attorney sent plaintiff's attorney a copy of the trial court's order. Defendant's attorney stated in the transmittal letter that the order was "self-explanatory" and advised plaintiff's counsel to be "guided accordingly." In the brief submitted in this appeal, defendant's counsel does not offer any explanation for not withdrawing the motion after he received the outstanding discovery from plaintiff's attorney more than a month earlier.

On July 18, 2016, the same day he received defendant's counsel's letter transmitting the court's order, plaintiff's counsel filed a motion to restore the case to the active trial calendar and permit plaintiff to file an answer to defendant's counterclaim and "to continue discovery."[5] Plaintiff submitted a certification in support of the motion in which he averred that since he filed his complaint pro se, he had moved to Folcroft,

_____

[5] Because the DED was April 21, 2016, we presume plaintiff's counsel was also seeking an extension of the initial discovery period.

Pennsylvania.  Consequently, he did not receive the notice of defendant's February 10, 2016 motion to dismiss his complaint without prejudice.

Plaintiff emphasized: "If I had known of the defendant's motion to dismiss while he was in violation of the order of February 19, 2016, I certainly would have appeared."  Plaintiff also noted that defendant's attorney's certification stating that plaintiff "had failed to respond to outstanding discovery" was false because his attorney "had sent out all responses" on June 6, 2016.  Plaintiff pointed out that the court had found defendant delinquent in its discovery obligation to plaintiff, before defendant moved to dismiss plaintiff's complaint.  Despite these procedural irregularities, a different judge denied plaintiff's motion without affording his attorney an opportunity to present oral argument.  In an order dated August 8, 2016, the judge wrote: "The applicant[ion] is denied.  [The previous] Judge . . . dismissed this matter with prejudice by order July 8, 2016."

                              III

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion[.]"  Abtrax Pharm. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995).  The trial court is deemed to have

abused its discretion when the "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States v. Scurry, 193 N.J. 492, 504 (2008) (quoting Flagg v. Essex County Prosecutor, 171 N.J. 561, 571 (2002)). A trial court's exercise of discretion is "entitled to respectful review under an abuse of discretion standard[.]" Serenity Contracting v. Fort Lee, 306 N.J. Super. 151, 157 (App. Div. 1997).

Here, the flagrant disregard of the procedural requirements of Rule 4:23-5 satisfies this standard of review. The decisions made by the Law Division judges that resulted in the dismissal of plaintiff's complaint with prejudice were made without a rational explanation, inexplicably departed from the rule's procedural requirements and constitute clear abuses of their discretionary authority. Flagg, supra, 171 N.J. at 571. The original motion judge who dismissed plaintiff's complaint without prejudice abused her discretion because at the time she entered this order, that same judge had previously found defendant was delinquent in its discovery obligation to plaintiff.

However, the motion judge is not exclusively responsible for this oversight. Defendant's counsel violated the requirements of Rule 4:23-5(a)(1) when he moved to dismiss

plaintiff's complaint without disclosing to the court that his client was in default of its discovery obligations. This material omission by defendant's counsel indisputably contributed to the judge's error and may have constituted a violation of an attorney's "obligation of candor to each other and to the judicial system, which includes a duty of disclosure to the court and opposing counsel." McKenney v. Jersey City Med. Ctr., 167 N.J. 359, 371 (2001). See also RPC 3.3(a)(5) (prohibiting an attorney from knowingly failing "to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal[.]").[6]

Independent of defense counsel's conduct, the record shows the motion judge failed to adhere to the procedural safeguards codified in Rule 4:23-5. The rule imposes a duty on the motion judge "to take action to obtain compliance with the requirements of the rule." A & M Farm & Garden Ctr. v. Am. Sprinkler Mech.

---

[6] However, it is beyond our role and authority as an intermediate appellate court to make any determination concerning whether defendant's counsel committed an ethical violation. Our State Constitution expressly provides the Supreme Court with the "exclusive jurisdiction over the admission to the practice of law and the discipline of persons admitted." N.J. Const. art. VI, § 2, ¶ 3. Robertelli v. New Jersey Office of Atty. Ethics, 224 N.J. 470, 476 (2016). The Court "has both the authority and obligation to oversee the discipline of attorneys." R.M. v. Supreme Court of New Jersey, 185 N.J. 208, 213 (2005); see also State v. Rush, 46 N.J. 399, 411 (1966).

L.L.C., 423 N.J. Super. 528, 532 (App. Div. 2012). Rule 4:23-5 codified a two-step procedural paradigm that must be strictly adhered to before the sanction of dismissal of a complaint with prejudice for failing to answer interrogatories or provide other discovery can be imposed. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008). These procedural requirements must be scrupulously followed and technically complied with. Sullivan v. Coverings & Installation, Inc., 403 N.J. Super. 86, 95 (App. Div. 2008).

Step one requires the party aggrieved by the delinquent party's failure to fulfill its discovery obligations to move to dismiss the complaint without prejudice. R. 4:23-5(a)(1). To ensure the delinquent party is aware of its derelictions and has the opportunity to correct them, the rule further provides that:

> Upon being served with the order of dismissal or suppression without prejudice, counsel for the delinquent party shall forthwith serve a copy of the order on the client by regular and certified mail, return receipt requested, accompanied by a notice in the form prescribed by Appendix II-A of these rules, specifically explaining the consequences of failure to comply with the discovery obligation and to file and serve a timely motion to restore. If the delinquent party is appearing pro se, service of the order and notice hereby required shall be made by counsel for the moving party.

> [R. 4:23-5(a)(1)(emphasis added).]

Ordinarily, self-represented litigants are not entitled to greater rights than litigants who are represented by counsel. Ridge at Back Brook, L.L.C. v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014). However, Rule 4:23-5 expressly requires the party seeking relief from the court to ensure that pro se litigants receive proper notice and be served with the order imposing the sanction of dismissal or suppression without prejudice available under step one. When a party is appearing pro se, it is the responsibility of the attorney representing the moving party to ensure that the pro se litigant has been provided with service of the order and proper notice.

After complying with the procedures set out in step one of the rule, a party may then move to dismiss the complaint with prejudice. Rule 4:23-5(a)(2) provides that:

> the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal or suppression with prejudice. The attorney for the delinquent party shall, not later than 7 days prior to the return date of the motion, file and serve an affidavit reciting that the client was previously served as required by subparagraph (a)(1) and has been served with an additional notification in the form prescribed by Appendix II-B, of the pendency of the motion to dismiss or suppress with prejudice. In lieu thereof, the attorney for the delinquent party may certify that despite diligent inquiry, which shall be detailed in the affidavit, the client's whereabouts have not been able to be

determined and such service on the client was therefore not made.  <u>If the delinquent party is appearing pro se, the moving party shall attach to the motion a similar affidavit of service of the order and notices or, in lieu thereof, a certification as to why service was not made.</u>  <u>Appearance on the return date of the motion shall be mandatory for the attorney for the delinquent party or the delinquent pro se party.</u> The moving party need not appear but may be required to do so by the court. The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of dismissal or suppression without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.

[<u>R.</u> 4:23-5(a)(2)(emphasis added).]

When the aggrieved party files a motion to dismiss with prejudice, the delinquent party's attorney has two non-waivable obligations: (1) file an affidavit with the motion judge indicating that the client has been notified of the pending motion's legal consequences in accordance with the form prescribed; and (2) personally appear before the motion judge on the return date of the motion.  If the delinquent party is pro se, the rule imposes an additional obligation on the attorney representing the party seeking relief.  The attorney for the moving party is required to attach an affidavit of service to the notice of motion and proposed order, or file an affidavit explaining why service was not made.

A-0034-16T1

Finally, <u>Rule</u> 4:23-5(a)(3) provides that:

> If the attorney for the delinquent party fails to timely serve the client with the original order of dismissal or suppression without prejudice, fails to file and serve the affidavit and the notifications required by this rule, or fails to appear on the return date of the motion to dismiss or suppress with prejudice, <u>the court shall</u>, unless exceptional circumstances are demonstrated, proceed by order to show cause or <u>take such other appropriate action as may be necessary to obtain compliance with the requirements of this rule</u>.

[Emphasis added.]

These procedural safeguards are intended to "ensure that the defaulting litigant is aware that the order of dismissal or suppression without prejudice has been entered and of its consequences." Pressler & Verniero, <u>Current N.J. Court Rules</u>, comment 1.2 on <u>R.</u> 4:23-5 (2017). The best way to foster public confidence in our civil courts is to decide cases on their merits. Discovery rules are intended to create a level playing field for all litigants and promote the resolution of civil dispute on the merits. Judges are entrusted to ensure that these rules are properly and fairly enforced.

Here, the system failed because both the motion judge and the attorney representing the moving party failed to follow the strict procedural requirements of <u>Rule</u> 4:23-5. The order of the Law Division dated July 8, 2016 dismissing plaintiff's complaint

with prejudice is vacated. Plaintiff's complaint is reinstated and the case is remanded to the Law Division for the judge assigned to this case to conduct a case management conference with the attorneys to determine the status of discovery. The judge shall thereafter enter a case management order setting a new discovery end date, a schedule for filing dispositive motions, and address such other matters as the judge deems appropriate, including fixing a trial date.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18                                                              A-0034-16T1