**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3423-18T1

EKATERINA TOLSTOGUZOVA,

    Plaintiff-Respondent,

v.

ARTEM ANTOSHKIN,

    Defendant-Appellant.

_____

Argued telephonically April 2, 2020 –
Decided May 20, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-2225-17.

Artem Antoshkin, appellant, argued the cause pro se.

Michael H. Nieschmidt argued the cause for respondent.

PER CURIAM

Defendant Artem Antoshkin appeals, pro se, from the February 27, 2019 Final Judgment of Divorce (FJOD). We affirm.

I.

Defendant and plaintiff Ekaterina Tolstoguzova were married in July 2009. They have two children: one born in 2014 and another in 2016. Defendant moved to Idaho. Plaintiff filed for divorce in 2017. The trial court entered multiple case management and discovery orders. In November 2018, defendant's answer and counterclaim were stricken, and the case proceeded by a default proof hearing in January 2019. The FJOD was entered on February 27, 2019, with supporting findings of fact, credibility determinations and conclusions of law entered the same date.

The FJOD ordered the parties to share joint legal custody of the children. Plaintiff was awarded residential custody. Defendant was ordered to participate in "reunification therapy" with his children "due to the period of approximately two years during which there has been extremely limited and nominal in person and video contact." The court appointed a specific therapist "to serve as the reunification therapist." Defendant was ordered to pay the costs associated with the therapy. The FJOD directed the parties to "seek the reunification therapist's recommendations regarding [d]efendant's access to, contact with and parenting

2

time with [the children]." Notwithstanding that, the FJOD provided the parties could agree to "mutually agreed upon parenting time [with the children]" with a "mutually agreeable supervisor." In addition, and effective upon entry of the FJOD, defendant "shall have phone/video contact [with the children] one day per week on Wednesday" at certain times. If the parties could not agree on parenting time after completion of the reunification therapy, defendant could file a motion with the court.

The FJOD required defendant to pay child support based on the Child Support Guidelines. His income was imputed "based upon his education, skills, prior employment, and testimony of [p]laintiff's vocational expert."

The parties were each to receive fifty percent of the marital assets. Plaintiff retained sole ownership of former marital residence and was to pay defendant fifty percent of the net equity using a specific fair market value that was set forth in the FJOD. There were other provisions regarding all of the parties' property, including their businesses.

Defendant's appellate brief includes three point headings in the Table of Contents. These are:

> I. BOTH PARTIES MUTUALLY AGREED TO LEGALLY SEPARATE, BUT THE TRIAL COURT ERRORED [sic] IN GRANTING A FAIR FINAL JUDGEMENT [sic] OF DIVORCE TO BOTH

PARTIES AND, THEREFORE, ARTEM ANTOSHKIN (APPELLANT) IS STILL UNABL [sic] ETO [sic] REUNITE WITH HIS CHILDREN.

II. THE TRIAL CORT [sic] ALSO ERRORED [sic] IN CORRECTLY CALCULATING THE EQUAL DISTRIBUTION OF ASSETS, THE CORUNT [sic] DOUBLE COUNTED THE SAME LOAN THAT EKATERINA TOLSTOGUZOVA TOOK AND ERRORED [sic] PROPERLY ASSIGNING THE CHILD SUPPORT.

III. THE TRIAL COURT ERRORED [sic] IN PROPERLY HANDLING THE PARENTING RESONSIBILITIES [sic] BETWEEN BOTH PARENTS. CURRENTLY AS THE FATHER I AM BLOCKED BY EKATERINA FROM ANY AND ALL INTERACTIONS WITH MY KIDS.

In his preliminary statement, defendant argues he is unable to reunite with his children. He contends the trial court decision was wrong as a matter of law because it was entered following a default because he "refused" to supply answers to questions, some of which he considered to be improper. Defendant disagreed with the appraisal of their marital property. He contends the trial court erred in calculating equitable distribution because the court "double counted" the same loan and erred in determining child support and by imputing income to him. Defendant argues the trial court erred in allocating the "parenting responsibilities" and that plaintiff blocked all his communications to the children.

A-3423-18T1

The argument portion of the brief states only the following: "[t]he Hudson Trial court erred in granting Final Judgment of Divorce without reconciling and evaluating all the facts and issues."  Defendant did not make any legal argument in support of the three point headings, cite any cases, explain how the court abused its discretion, or why we should reverse the FJOD.

We conducted oral argument on April 2, 2020, at defendant's request, allowing defendant to explain why the trial court erred.  He contended the main error was that the trial court gave sole custody to plaintiff and that he did not need therapy with his children.  He also argued the trial court erred by imputing income to him.

II.

A.

A self-represented party is not "entitled to greater rights than are litigants who are represented."  Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).  "Lack of familiarity with appellate court procedures is no excuse." Miraph Enters., Inc. v. Bd. of Alcoholic Beverage Control, Paterson, 150 N.J. Super. 504, 508 (App. Div. 1977).

Our Rules require that an appellant's brief is to include legal argument. Rule 2:6-2(a)(6) states in relevant part:

(a) Formal Brief. Except as otherwise provided . . . the brief of the appellant shall contain the following material, under distinctive titles, arranged in the following order:

. . . .

(6) The legal argument for the appellant, which shall be divided, under appropriate point headings, distinctively printed or typed, into as many parts as there are points to be argued.

The purpose of the appellate brief is to provide the court "an orderly and considered presentation of the matter on appeal so that the court 'may have before it such parts of the record and such legal authorities as will be of help in arriving at a proper determination.'" Hayling v. Hayling, 197 N.J. Super. 484, 488-489 (App. Div. 1984) (quoting Abel v. Elizabeth Bd. of Works, 63 N.J. Super. 500, 509 (App. Div. 1960)). It is the responsibility of the parties to provide the court with their arguments, the legal authority to support them and then to cite to the portions of the record in support. See Spinks v. Twp. of Clinton, 402 N.J. Super. 465, 474 (App. Div. 2008). "[F]ailure to address any legal issues relevant to the permissible subject matter of [the] appeal plainly amounts to the equivalent of failing to file a brief at all." Hayling, 197 N.J. Super. at 489.

Because defendant failed to make any arguments in the legal section of his brief, cite to the record, or cite to any legal authority, he has failed to show how the trial court erred. In fairness to the respondent, we cannot make arguments for defendant or scour the record for errors he has not argued.

B.

Even were we to consider defendant's preliminary statement as his arguments, he did not explain how the trial court abused its discretion by entering the FJOD. We accord "great deference to discretionary decisions of Family Part judges[,]" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012), in recognition of the "family courts' special jurisdiction and expertise in family matters[.]" N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

Defendant contends in his preliminary statement that the FJOD does not permit him to reunite with his children. This statement is not consistent with the terms of the FJOD. The FJOD requires defendant to attend "reunification

therapy" with the children because of the length of his absence and their young ages. The parties also can agree on parenting time with a "mutually agreeable supervisor." Defendant is afforded weekly phone or video contact with the children and he has access to the court for enforcement or modification upon changed circumstances.

Scheduling parenting time based upon a determination of children's best interests is a matter of sound judicial discretion. See Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 157 (App. Div. 2003). Defendant did not argue there was an abuse of discretion—nor was there—given the age of the children and the time since he last saw them. Defendant acknowledged in oral argument he had not complied with the reunification provisions of the FJOD.

Defendant objects to the trial court's order that imputed income to him for purposes of calculating child support. The imputation of income, however, is a decision left to the sound discretion of the trial court that is "not capable of precise or exact determination[,] but rather require[es] a trial judge to realistically appraise capacity to earn and job availability." Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015) (alterations in original) (quoting Gnall v. Gnall, 432 N.J. Super. 129, 158 (App. Div. 2013)).

A-3423-18T1

The trial court relied upon the testimony of the vocational expert, who was found to be credible. Defendant does not explain how the trial court abused its discretion in doing so.

Defendant's answer and counterclaim were stricken pursuant to Rules 5:1-1 and 4:23-5, which then allowed the case to proceed by a proof hearing. See R. 4:43–2(b). (1T9). Defendant was permitted to cross-examine witnesses, but not to introduce affirmative proofs. This was consistent with the Rules. See Chakravarti v. Pegasus Consulting Grp. 393 N.J. Super. 203, 210-11 (App. Div. 2007) (noting that a defaulting defendant has "relinquished the right to present affirmative proofs . . . [but] cross-examination and argument should not ordinarily be precluded").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3423-18T1